JAY BUENTE, Plaintiff-Appellant, v. ROBERT VAN VOORST, Defendant-Appellee.

Third District   No. 3—90—0463

Opinion filed April 30, 1991.

Edward G. Vogt, of Kankakee, for appellant.

D. Kendall Griffith and Gary J. Bazydlo, both of Hinshaw & Culbertson, of Chicago, and Brian P. Thielen, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Bloomington, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff brought suit against the defendant under the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*) and for common law negligence. The plaintiff's complaint was dismissed and judgment rendered on the pleadings in favor of the defendant pursuant to section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The trial court ruled the plaintiff failed to state a cause of action under applicable Illinois law. The plaintiff-appellant appeals from that order.

Plaintiff was an employee at the Van Voorst Lumber Company when a company supervisor asked him to replace some ceiling tiles that had been damaged by a wind storm. When the plaintiff attempted this repair, one of the wooden planks placed between the rafters of the ceiling gave way. The plaintiff fell some 16 feet to the concrete floor below and suffered severe injuries.

The defendant is the owner of the building and leases the building to the Van Voorst Lumber Company. The defendant owns no part of the Van Voorst Lumber Company, but is a part-time employee. Apparently, one of the defendant's relatives owns and operates the lumber company.

■■ ■ The purpose of allowing pleadings to be attacked by motions is to give the complainant an opportunity to respond to the objection and cure any defect in the pleadings prior to trial. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) In reviewing an order of dismissal, a trial court's decision to grant a motion to dismiss will be sustained only if no set of facts as pleaded by the plaintiff could conceivably state a cause of action. (*Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82.) When reviewing the facts as pleaded, the court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff. *Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.

■■ ■ In count I of his complaint, the plaintiff alleges that the defendant violated the Structural Work Act by failing to construct a secure scaffold for the plaintiff to safely complete his assigned duties. To violate the Structural Work Act, however, a person must "have charge" of the work leading to the injury. (Ill. Rev. Stat. 1989, ch. 48, par. 69.) Other than defendant's status as the owner of the building, the plaintiff has alleged no facts showing the defendant had "charge of" the work which caused his injuries. In Illinois, proof of ownership, without further evidence tending to establish that the owner was "in charge" of the work, is insufficient to establish liability under the scaffold act. *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 488.

■■ In count II of the plaintiff's complaint, the plaintiff alleged the defendant breached a duty he owed to the plaintiff to provide him with a safe workplace. In Illinois, however, the tenant who is in possession, not the landlord, is liable for injuries sustained by third parties on the premises. (*Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 238, 486 N.E.2d 908.) The basic rationale for this doctrine of lessor immunity is that a lease is a conveyance of property which ends the lessor's control over the premises, a prerequisite of tort liability. (*Wright,* 109 Ill. 2d at 238.) There are several exceptions to the rule of lessor immunity (see *Drewick v. Interstate Terminals, Inc.* (1969), 42 Ill. 2d 345), but plaintiff has not pleaded that an exception to this general rule applies. Instead, the plaintiff asks this court to reexamine the "[o]lder concepts and distinctions arising out of the landlord-tenant relationship *** and seek a remedy for every injury."

■■ ■ The plaintiff-appellant claims that because the defendant is the owner of the building where he was injured, the defendant is liable for injuries he suffered under both the Structural Work Act and at common law. This is simply not the state of the law in Illinois. To violate the Structural Work Act, a person must "have charge" of the work leading to the injury. (Ill. Rev. Stat. 1989, ch. 48, par. 69.) The plaintiff has pleaded no facts that could conceivably support a finding that the defendant had charge of the work that led to his injury. To support a verdict against the defendant in his capacity as landlord, the plaintiff would have to plead an exception to the doctrine of lessor immunity is applicable. The plaintiff has not so pleaded.

In determining the propriety of a dismissal of an action, a reviewing court is to be concerned only with questions of law presented in the pleadings. (*Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 424 N.E.2d 1253.) In reviewing the questions of law presented in the pleadings, we find the trial court's order of dismissal is in accord with applicable case law. The plaintiff failed to plead any set of facts that could conceivably support a verdict in his favor under applicable Illinois law. Therefore, the decision of the circuit court of Kankakee County is hereby affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.