MATTEO INCANDELA, Plaintiff-Appellant, v. LEONARD GIANNINI, as Beneficiary, Defendant and Third-Party Plaintiff-Appellee (Leonard Giannini Builders, Inc., Third-Party Defendant-Appellee).

Second District   No. 2—92—0675

Opinion filed September 1, 1993.

Stephen Fiorentino, of Stephen Fiorentino, Ltd., and David A. Novoselsky, of David A. Novoselsky & Associates, both of Chicago, for appellant.

Terence R. Selby and Russell P. Veldenz, both of French, Kezelis & Kominiarek, P.C., and James L. Tuohy, of Tuohy & Martin, both of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Matteo Incandela, appeals from an order of the circuit court of Du Page County dismissing with prejudice his second amended complaint against defendant and third-party plaintiff, Leonard Giannini. On February 4, 1991, plaintiff brought his cause of action against defendant for allegedly violating the statutory provisions of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)). The action was brought against defendant individually as beneficial owner of certain trust property held by the Maywood-Proviso State Bank (trustee) and located at 430 Randy Road in Carol Stream, Illinois.

According to the complaint, Leonard Giannini Builders, Inc. (Giannini Builders or employer), third-party defendant, was the general contractor in charge of the construction of the building on those premises. The complaint alleges that plaintiff, a laborer employed by Giannini Builders, was injured on October 11, 1989, when he fell from scaffolding at the construction site on that property. Plaintiff obtained a settlement from Giannini Builders under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)).

On November 4, 1991, defendant, Leonard Giannini, filed a third-party complaint against Giannini Builders seeking contribution for damages for which defendant might be found liable. The employer, Giannini Builders, moved to dismiss plaintiff's complaint under section 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(9) (West 1992)) on the ground that the complaint was barred by the exclusive remedy provision of section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)). Giannini Builders' motion was allowed. The complaint was dismissed with prejudice on May 26, 1992, and this timely appeal followed.

On appeal, plaintiff argues that it was error for the trial court to dismiss his complaint on the basis of the exclusive remedy provision. Plaintiff contends that, under the "exception" permitted by the "dual persona" doctrine (also known as "dual capacity" or "dual entity" doctrine) (see *Robinson v. K F C National Management Co.* (1988), 171 Ill. App. 3d 867, 870), he may maintain a tort action against his employer in the employer's second capacity as owner of the premises when the second capacity confers upon the employer obligations inde-

pendent of or unrelated to those imposed upon him as employer (see *Smith v. Metropolitan Sanitary District of Greater Chicago* (1979), 77 Ill. 2d 313, 318-19).

After carefully reviewing the record and considering the arguments of plaintiff, we are not persuaded that defendant was acting in a dual capacity having obligations unrelated to those flowing from his role as employer or agent of the employer at the time of the accident. We therefore affirm the judgment of the circuit court.

Plaintiff's second amended complaint alleges that Giannini Builders was the general contractor in charge of the construction work and that defendant, as beneficial owner, was in the "management, possession and control" of the property and premises. Plaintiff was a laborer employed by Leonard Giannini Builders, Inc. The complaint avers that defendant himself, or through his authorized agents, servants or employees, had charge of certain erection and construction work being performed on the premises and that it became the duty of defendant to erect, construct, place and operate the scaffold in accordance with the provisions of the Structural Work Act.

According to essential averments of the complaint, defendant willfully violated the Act in one or more of the following respects: the scaffold, platform or support (scaffold) upon which plaintiff was working was made of loose boards or planks; it was constructed of weak planks or boards incapable of supporting the weight of plaintiff; it was not secured to the underlying supports by nails or otherwise; it was not protected or enclosed by an exterior guardrail; it was unsafe or unsuitable for use by plaintiff; and defendant failed to make a reasonable inspection of the premises, the scaffold, and the work being done thereon when defendant "knew or in the exercise or [*sic*] ordinary care should have known that said inspection was necessary to prevent injury" to plaintiff. The complaint further alleged that, as a direct and proximate cause of these violations, plaintiff was injured when he "was caused to fall from the scaffold while preparing mortar for two bricklayers" who were on the scaffold with him.

In his answer, defendant generally denied that he had charge of the construction work, that he had a duty to erect, construct, place and operate the scaffold according to the provisions of the Structural Work Act, and that he willfully violated the Act with respect to the enumerated deficiencies regarding the scaffold which resulted in plaintiff's injuries.

In moving to dismiss plaintiff's complaint, defendant relied on the exclusive remedy provision of section 5(a) of the Workers' Compensation Act, which provides in pertinent part:

"No common law or statutory right to recover damages from the employer, his insurer, his broker *** or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." 820 ILCS 305/5(a) (West 1992).

A complaint should not be dismissed under section 2—619 of the Code unless it appears that no set of facts under the pleadings can be proved which would entitle the plaintiff to recover; in ruling on the motion, the trial court must take all facts properly pleaded as true. (*People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843, 860.) However, conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted. (*A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.* (1993), 243 Ill. App. 3d 905, 914. ) In this type of proceeding, the parties may file affidavits, counteraffidavits, interrogatories, documents and deposition transcripts and may call witnesses at a hearing on the motion. (*Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 12.) The court should grant the motion where the record shows that a genuine and material question of fact does not exist. (*Jarrett*, 190 Ill. App. 3d at 13.) However, where there are disputed issues of fact, an evidentiary hearing is required. *Timberline, Inc. v. Towne* (1992), 225 Ill. App. 3d 433, 439.

A section 2—619 proceeding provides a means of disposing of issues of law or of easily proved issues of fact, and the defendant may interpose, as a type of defense, affirmative matter which either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 232-33; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703.) If the court determines with reasonable certainty that the alleged defense exists (*Cobelcomex*, 149 Ill. App. 3d at 703), or a critical issue of material fact is refuted by affirmative matter, the motion should be allowed (see *Palmisano v. Connell* (1989), ·179 Ill. App. 3d 1089, 1097).

■ The exclusive remedy provided by the Workers' Compensation Act is part of a legislative scheme which provides liability without fault on the part of the employer in return for relief from the prospect of large damage claims based on common-law negligence. (See *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 788-

89.) The Act established a system of liability without fault designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326.) "The Act balances the imposition of no-fault liability upon the employer against the statutory limitations upon the amount of the employee's recovery and the preclusion of other theories of recovery." (*Kontos v. Boudros* (1993), 241 Ill. App. 3d 198, 201.) The policy of the Act provides a certain remedy to the employee in return for limiting the liability of the employer. (*Ocasek v. Krass* (1987), 153 Ill. App. 3d 215, 217.) Therefore, except as provided by the Act, an employee may not ordinarily be compensated by the employer for an injury caused by the employer, a co-employee or an agent of the employer during the course of employment. See *Kontos*, 241 Ill. App. 3d at 201, 204.

■ In appropriate circumstances, an otherwise shielded employer may become liable in tort if he occupies, in addition to his capacity as an employer, " 'a second capacity that confers on him obligations independent of those imposed upon him as employer.' " (*Ocasek*, 153 Ill. App. 3d at 217, quoting 2A A. Larson, Workmen's Compensation §72.81, at 14–112 (1986).) To invoke the dual persona doctrine as an exception to the exclusive remedy provided by the Workers' Compensation Act, plaintiff must meet a two-part test. (*Hyman v. Sipi Metals Corp.* (1987), 156 Ill. App. 3d 207, 212.) Plaintiff must first establish that the second capacity "generates obligations unrelated to those flowing from the first, that of employer." (*Smith v. Metropolitan Sanitary District of Greater Chicago* (1979), 77 Ill. 2d 313, 319.) Second, plaintiff must show that the employer was acting as a "distinct legal *persona* of the employer" (*Hyman*, 156 Ill. App. 3d at 212, relying on *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 328). Under the dual persona doctrine, it is insufficient for plaintiff merely to state a separate theory of liability against the same person as the employer. (*Sharp*, 95 Ill. 2d at 328.) Rather, "[t]he test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the individual's first role." (*Kontos*, 241 Ill. App. 3d at 204.) In other words, plaintiff has to show that defendant acted in two distinct capacities and that plaintiff was injured as a result of the conduct of defendant while engaging in the second capacity. Where the duties of defendant are so intertwined that the conduct in the second role cannot be deemed to generate obligations unrelated to those flowing from the defendant's first role as agent or employer, the two-part test cannot be met. (See *Kontos*, 241 Ill. App. 3d at 204-05.) "If the obligations are related, the doctrine is

not applicable." *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 357.

Defendant has cited *Kontos*, a recent decision of this court, as additional authority to support his position. In *Kontos*, the plaintiff, an employee of the Tareydale Restaurant, Inc., was sent up to the roof of the restaurant to change some light bulbs. He was sent to do the task by the defendant, George Boudros, who was the owner and the manager of the restaurant. Boudros was also the beneficial owner of a land trust holding title to the premises. The restaurant corporation paid rent to the defendant. Under the direction and supervision of Boudros, who was plaintiff's "boss," plaintiff used a ladder supplied by Boudros and belonging to the restaurant to perform this task, one which plaintiff had performed on prior occasions. Plaintiff fell from the ladder and was injured. There was no question that an employee-employer relationship existed between plaintiff and the restaurant, and plaintiff received compensation from the restaurant under the Workers' Compensation Act.

The plaintiff in *Kontos* brought an action against the defendant individually under the Structural Work Act and also under a theory of common-law negligence. The plaintiff sought to shift liability to the defendant individually as a third-party owner of the premises. In the trial court, Boudros, the defendant, successfully moved to dismiss the cause pursuant to section 2—619 of the Code, relying on the exclusive remedy provision of the Workers' Compensation Act to bar the action.

On appeal, the defendant maintained that his status as manager of the restaurant made him Tareydale's co-employee and that the exclusive remedy provision operated to bar an action against him since plaintiff had already recovered from their common employer, Tareydale. The plaintiff argued that, under the dual persona doctrine, defendant acted in two capacities, one as restaurant manager and the other as owner-lessor of the premises; therefore, the plaintiff urged that the co-employee bar to the action did not apply.

After reviewing the policy implications of the Workers' Compensation Act and the dual persona doctrine, this court first observed that Tareydale was an employer and the defendant was a separate legal entity; defendant could not pierce his own corporate veil to shield himself from suit under the facts of the case. However, because the defendant was not merely a shareholder but was also an employee of the corporation, he properly raised the issue whether he was immune from suit under the dual persona doctrine.

This court agreed with the trial court in deciding that the defendant was immune from suit as an employee or agent of Tareydale be-

cause he was not merely the president and shareholder, but also the manager of the restaurant. This court concluded that plaintiff failed to show that the defendant acted in his second role or capacity as property owner where the plaintiff merely alleged a breach of duty to provide an adequate and safe ladder and to supervise properly the use of the ladder. Plaintiff showed no breach of duty distinctly flowing from the landowner's duty. The defendant's duty was no different from Tareydale's duty to provide a safe workplace or the defendant's duty to implement Tareydale's obligation. The critical factor in the decision there, we believe, was that the duties were so intertwined that plaintiff failed to show that the defendant was acting in a dual capacity when the injury occurred. In other words, the plaintiff failed to show that defendant's conduct in the second capacity generated obligations unrelated to those flowing from the individual's first role as employer or agent of the employer.

■ The facts of the present case are analogous to those of *Kontos*, and we find that decision controlling. Plaintiff concedes that Leonard Giannini is an agent of the corporation for purposes of the exclusive remedy provision and, as such, is immune from suit. In this case, furthermore, the duties of defendant as agent of the employer and defendant as owner are so intertwined as to be virtually indistinguishable. We find no separate and unrelated obligations of defendant flowing from his second role as property owner. The complaint alleges that Giannini Builders was the general contractor in charge of the construction work being done at the site, but also alleges, in conclusory style, that defendant individually had charge of the construction and that he failed in various ways to provide a safe scaffold.

Defendant's answers to the interrogatories state that he was present at the jobsite for various times on a daily basis. His responsibilities were that of owner, general contractor, field supervisor and mason contractor. Giannini Builders erected the scaffold under the direction of its foreman. Leonard Giannini inspected the site on a daily basis between September 29, 1989, and December 31, 1989, and received a report from his foreman, Bruce Wick, concerning the condition of the scaffold on October 11, 1989, after the accident; the foreman found no abnormalities in the scaffold.

Based on our review of the record, we are unable to find a breach of duty unrelated to the employer's duty to provide a safe scaffold and distinctly flowing from defendant's role as property owner. Without more, mere ownership of the premises does not necessarily trigger liability under the Structural Work Act. See *Burger v. Prairie Development, Ltd.* (1991), 218 Ill. App. 3d 814.

A similar result obtained in *Ocasek v. Krass* (153 Ill. App. 3d 215), a wrongful death action arising out of an airplane crash in which a husband and wife were killed. There, the representative of the wife's estate sued the husband's estate for damages because the husband was piloting the airplane when it crashed. The husband owned the aircraft, and the business reimbursed him when he flew the plane on company business. At the time of the accident, the husband, a general partner of the business, was also the wife's employer, and the two were returning from a business trip. Applying the two-part test, the reviewing court determined that the plaintiff could meet neither of the two requirements necessary to apply the dual persona doctrine as an exception to the exclusive remedy provisions of the Workers' Compensation Act. The court concluded that "the mere fact that the employer, as an individual, pilots an airplane *** or performs other such functions which impose on him the duty to exercise due care, does not serve to endow him with a second legal *persona* completely independent from and unrelated to his status as an employer." *Ocasek*, 153 Ill. App. 3d at 218.

Second, the *Ocasek* court concluded that plaintiff failed to show that the husband's alleged second capacity as an airplane pilot generated obligations unrelated to those flowing from his capacity as an employer. Rather, "in undertaking to provide transportation for his employee on a company business trip, he had an obligation as an employer to exercise due care." (*Ocasek*, 153 Ill. App. 3d at 218.) The court rejected the plaintiff's theory that the dual persona doctrine applied simply because the defendant's status as a pilot created obligations to the general public. The court did not find those obligations "unrelated to the obligations flowing from his role as employer." *Ocasek*, 153 Ill. App. 3d at 219.

In arguing that he can state a cause of action under the dual persona doctrine, plaintiff relies on *Marcus v. Green* (1973), 13 Ill. App. 3d 699, an older case reported to be one of first impression in applying the dual capacity doctrine to an employer-owner situation. In *Green*, an employee of James Green, d/b/a Jim Green Construction Company, was injured while working on a scaffold on real estate owned by James Green and Herman Schroeder, a partnership which had contracted with the construction company to build a structure on the property. The employee received compensation from the construction company and then sought damages from Green and Schroeder individually and as partners or joint venturers under the Structural Work Act.

On appeal, the court held that James Green acted in a dual capacity as an employer and as an owner in the partnership. Without specifically applying the two-part test currently used to analyze cases, the court focused on the separate legal capacities (employer and owner) of the defendant and concluded that the duty of an owner in charge of the work was entirely separate from the duty of an employer in charge of the work. Therefore, the exclusive remedy provision was held not to apply under the dual capacity doctrine as it was then understood.

Cases decided after *Marcus* have tended to retreat from its reasoning by distinguishing the case or limiting the case to its facts (see *Hyman v. Sipi Metals Corp.* (1987), 156 Ill. App. 3d 207, 209 (and cases cited therein)), and the precedential value of *Marcus* has been called into doubt (see *Kim v. Raymond* (1976), 44 Ill. App. 3d 37, 38). To the extent that *Marcus* conflicts with the analysis applied in *Kontos* and in the instant case, we decline to follow *Marcus*.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County dismissing plaintiff's complaint with prejudice.

Affirmed.

INGLIS, P.J., and WOODWARD, J., concur.