JAMES P. GUERINO *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. DEPOT PLACE PARTNERSHIP *et al.*, Defendants-Appellees and Cross-Appellants.

Second District    No. 2—94—0789

Opinion filed June 27, 1995.

David A. Decker, of Decker & Linn, Ltd., of Waukegan, David A. Novoselsky and Margarita T. Kulys, both of David A. Novoselsky & Associates, of Chicago, and Charles Stierman and Mark S. Young, both of Habush, Habush, Davis & Rottier, S.C., of Milwaukee, Wisconsin, for appellants.

Louis W. Brydges, Sr., and Stacey L. Seneczko, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiffs, James Guerino and Katrina Guerino, filed this lawsuit against the defendants, Edward Weiner, Ronald Bartelstein

and Depot Place Partnership, alleging, *inter alia*, that they were negligent in failing to maintain and repair a gate on the premises which they leased to the plaintiff's employer, The Concrete Doctor, Inc. (the Concrete Doctor). The defendants filed a motion for summary judgment contending that: (1) they did not exercise control over the premises and therefore did not owe a duty to the plaintiffs; and (2) the suit was barred by the exclusive-remedy provisions of section 5(a) of the Workers' Compensation Act (the Act) (820 ILCS 305/5(a) (West 1992)). The trial court granted the defendants' motion for summary judgment finding that the defendants did not have the requisite control of the premises to impose a duty on them. In addressing the exclusive-remedy issue, however, the court noted that summary judgment would be "inappropriate on this issue." The plaintiffs appeal and the defendants cross-appeal from the trial court's order.

On April 5, 1991, plaintiff James Guerino reported for work at the principal place of business of his employer, the Concrete Doctor. As he was attempting to open the gate at the entrance to the property, a beam became dislodged and fell on him. As a result, he suffered a severe and permanent injury.

The Concrete Doctor paid plaintiff Guerino worker's compensation benefits in connection with the accident. At the time of the accident, defendant Weiner was president and treasurer of the Concrete Doctor and defendant Bartelstein was vice-president and secretary of that corporation.

The property on which the accident occurred was owned by the Cole Taylor Bank, in an Illinois land trust. Defendants Weiner and Bartelstein owned a beneficial interest in the land trust which they acquired, along with Mark Goldstein, on December 30, 1986. The three men created a partnership, Depot Place Partnership (the Partnership), to lease the property in question to the Concrete Doctor. The Partnership also leased equipment to the Concrete Doctor and other entities, when such entities embarked on a joint venture with the Concrete Doctor. Prior to the accident, Goldstein transferred his interests in the Concrete Doctor and the Partnership to Weiner and Bartelstein.

The Partnership made payments on a loan and mortgage that were connected with the subject property. Further, the Partnership made improvements to the yard and building and paid for the same from a Partnership loan fund. Additionally, the Partnership listed the premises as its place of business, had the real estate tax bills on the property sent to the Partnership, maintained records on the premises, and claimed a depreciation deduction for the property on its tax return. Although the Partnership did not pay for the repair of

the gate following the accident in question, it did pay for $15,000 of repairs to the premises on at least one other occasion.

At the time of the accident, the Concrete Doctor, as lessee, was in possession of the property pursuant to a lease agreement with the Partnership, as lessor. The lease placed the duty of repair and maintenance upon the Concrete Doctor. Although it was not required to do so, the lease allowed the Partnership to enter the premises and make any necessary repairs. The lease also contained a clause requiring the lessee to indemnify and hold the lessor harmless in connection with any suit arising out of the lease or the occupancy of the property. The lease agreement was executed on behalf of the Concrete Doctor by Weiner and on behalf of the Partnership by Bartelstein.

On appeal, the plaintiffs contend that the trial court erred in granting summary judgment on the ground that the defendants did not exercise control over the property. In their cross-appeal, the defendants contend that the exclusive-remedy provisions of section 5(a) of the Act barred the plaintiffs' claims.

Summary judgment is appropriate where no genuine issue of fact is present and the moving party is entitled to judgment as a matter of law. However, it is a drastic means of resolving litigation and should only be allowed when the right of the moving party to judgment is clear and free from doubt. (*Ralls v. Village of Glendale Heights* (1992), 233 Ill. App. 3d 147, 151.) Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2— 1005(c) (West 1992).) Although the party opposing summary judgment need not prove his case at this preliminary stage, he must present some factual basis that would arguably entitle him to a judgment under the applicable law. (*Ralls*, 233 Ill. App. 3d at 151.) The court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *In re Estate of Hoover* (1993), 155 Ill. 2d 402, 410-11.

■ The party in control and possession of the premises is liable for the negligent maintenance of property. (*Conway v. Epstein* (1964), 49 Ill. App. 2d 290, 294.) The duty toward a third party arises out of possession and control and can be attributed only to the persons who have possession and control. (*Conway*, 49 Ill. App. 2d at 294.) Generally, the tenant who is in possession, not the landlord, is liable for injuries sustained by third persons because of the failure to keep the property in repair. (*Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 238.) The basic rationale for this doctrine of lessor immunity is that a lease is a conveyance of property which ends the lessor's control over

the premises, a prerequisite of tort liability. *Buente v. Van Voorst* (1991), 213 Ill. App. 3d 116, 118.

■ In the instant case, the Partnership leased the premises in question to the Concrete Doctor. Nonetheless, the plaintiffs argue, the Partnership exercised control and possession of the property, pointing to the fact that the Partnership made improvements to the yard and building, reimbursed the Concrete Doctor for some repairs to the premises, kept and maintained Partnership records on the premises, and listed the premises as its place of business. While we agree that ordinarily the Partnership's leasing of the premises to another entity would be conclusive evidence of its relinquishment of possession and control, we are unable to say, on the record before us, that there is no genuine issue of material fact as to this issue. We find that the Partnership's use and maintenance of the premises created a question of fact to be resolved by the trier of fact as to whether it controlled and possessed the premises.

■ Turning to the issue involving the exclusive-remedy provision of section 5(a) of the Act, we initially note that the plaintiffs contend that the defendants' cross-appeal should be dismissed. The plaintiffs' argument, however, is moot. Findings of the trial court adverse to the appellee do not require the appellee's cross-appeal if the judgment of the trial court was not at least in part against the appellee. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387; *People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843, 852.) It is the judgment rather than the reasoning of the court that is to be reviewed on appeal; thus, the necessity of filing a cross-appeal arises only in situations where the appellee requests the reversal or modification of the judgment below. (*People ex rel. Hartigan*, 216 Ill. App. 3d at 852.) On the other hand, it has been noted that where a general verdict for the appellee contains a specific finding not in his favor the appellee must file a cross-appeal to bring the issue properly before the reviewing court. (*Village of Arlington Heights v. National Bank* (1977), 53 Ill. App. 3d 917, 920.) Here, even if we dismissed the defendants' cross-appeal, we could nevertheless consider the exclusive-remedy issue and affirm the trial court's award of summary judgment on that basis. Accordingly, we will address the issue.

■ Under section 5(a) of the Act, an employee has no statutory or common-law right to recover damages from the employer, agents, or employees for injury sustained by the employee while engaged in the line of duty as such employee other than the compensation provided for in the Act. (820 ILCS 305/5(a) (West 1992).) In other words, immunity from suit is granted to the employer, its agent, or employee

for an injury caused during the course of employment. *Incandela v. Giannini* (1993), 250 Ill. App. 3d 23, 27.

Nonetheless, in appropriate circumstances, an otherwise shielded employer may become liable in tort if he occupies, in addition to his capacity as an employer, a second capacity that confers on him obligations independent of those imposed upon him as employer. (*Ocasek v. Krass* (1987), 153 Ill. App. 3d 215, 217.) To invoke the dual persona doctrine as an exception to the exclusive remedy provided by the Act, the plaintiff must satisfy a two-part test showing that: (1) the second capacity generates obligations unrelated to those flowing from the first, that of employer; and (2) the employer was acting as a distinct legal persona of the employer. (*Incandela*, 250 Ill. App. 3d at 27.) Where the duties of the defendant are so intertwined that the conduct in the second role cannot be deemed to generate obligations unrelated to those flowing from the defendant's first role as agent or employer, the two-part test cannot be met. *Kontos v. Boudros* (1993), 241 Ill. App. 3d 198, 201; *Incandela*, 250 Ill. App. 3d at 27.

■ The plaintiffs argue that defendants Weiner and Bartelstein had duties based on their roles as landowners which were unrelated to their roles as employers or as agents of the employer, and therefore, they should be deprived of statutory immunity from suit. The plaintiffs' argument was recently rejected in *Reynolds v. Clarkson* (1994), 263 Ill. App. 3d 432. There, under similar facts, the court held that the defendant landowner, who was also co-employee of the injured worker and agent of the employer, was not deprived of statutory immunity.

Having determined that Weiner and Bartelstein enjoy immunity from suit in their individual capacities, we must now determine whether the Partnership likewise enjoyed immunity. The dual capacity doctrine, as an exception to the exclusive-remedy provision of section 5(a) of the Act, only comes into play when the defendant's identity has merged into that of employer, or agent or employee of the employer. (*Kontos v. Boudros*, 241 Ill. App. 3d at 203.) In *Kontos*, the court noted that a defendant:

> "cannot choose when to disregard his corporate form or business at his own convenience. The dual persona doctrine does not need to be applied when the corporate employer is a separate entity from the owners of the corporation who also own the land upon which the injury occurred." *Kontos*, 241 Ill. App. 3d at 202-03, citing 2A A. Larson, Workmen's Compensation Law § 72.81(b) (1991), citing *Mastey v. Mancusi* (1983), 122 Misc. 2d 119, ____, 469 N.Y.S.2d 890, 892.

■ The question of whether the Partnership in the case at bar

was immune turns on whether a partnership is a legal entity distinct from its individual members. Under section 13 of the Uniform Partnership Act, a partnership is liable for the tortious acts of a partner committed in the ordinary course of partnership business. (805 ILCS 205/13 (West 1992).) Furthermore, a partnership may be sued as an entity (735 ILCS 5/2—411 (West 1992)), and all partners are liable jointly and severally for everything chargeable to the partnership under section 13 of the Act (805 ILCS 205/15(a) (West 1992)). Immunity from liability is to be strictly construed and is not to be extended from the individual partner to the partnership. (*Salswedel v. Enerpharm, Ltd.* (1988), 107 N.M. 728, 731, 764 P.2d 499, 502.) Moreover, we note that generally a principal is not entitled to rely on the immunity granted its agent. (Restatement (Second) of Agency § 217(b) (1958).) Despite the defendants' contrary assertions, we note that section 9 of the Uniform Partnership Act provides that every partner is an agent of the partnership for purposes of its business (805 ILCS 205/9 (West 1992)). It cannot seriously be maintained that the Partnership was not pursuing its business when it leased the premises in question to the Concrete Doctor, nor can it be maintained that the individual partners were not agents of the Partnership.

Since there are no Illinois cases directly on point, we find the reasoning enunciated in *Salswedel* instructive. There, the plaintiff suffered a work-related accident and was paid worker's compensation benefits by her employer, Nuclear Pharmacy, one of three corporations which formed the defendant partnership, Enerpharm. Nuclear Pharmacy leased the premises on which the accident occurred from Enerpharm. The plaintiff brought suit against the partnership but not against the individual partners. The New Mexico appeals court found that summary judgment for the partnership was inappropriate. In so finding, the court noted:

> "Although the law permits the attribution of one partner's fault to another, it does not necessarily follow that the partnership and other partners must be given immunity from suit when the partner whose negligence gives rise to suit is immune from suit. ***
>
> We believe the question of whether the partnership and the other partners should also be immune as a matter of law is a policy question. We answer the question in favor of the injured worker. [Citation.]

* * *

When an employer enters into a separate, distinct investment, such as a partnership to acquire and manage real property, we

see no reason why a reasonable expectation of immunity extends to the actions of that separate endeavor. The 'dual persona' doctrine allows a third party [*sic*] suit against an employer when the facts demonstrate the employer's status as a separate legal entity." *Salswedel*, 107 N.M. at 732, 764 P.2d at 503.

*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, relied upon by the defendants, is distinguishable. There, the plaintiff filed a worker's compensation claim against his employer, Farmingdale, a partnership of two individuals. The same two individuals comprised a second partnership, Orchard Hill, which was the general contractor on the construction project and owned the beneficial interest in the construction-site property via a land trust. The plaintiff brought a negligence lawsuit against Orchard Hill and its individual partners. The record showed that Farmingdale was not a separate business entity for income tax purposes and its costs and expenses were completely reimbursed by Orchard Hill. Additionally, the plaintiff admitted at oral argument that the two partnerships were only one legal entity. On these facts, the supreme court found that the two partnerships were the same entity and that Orchard Hill was the plaintiff's employer for purposes of section 5(a) immunity.

A similar result was obtained in *Cipriano v. FYM Associates* (1986), 117 A.D.2d 770, 499 N.Y.S.2d 101, where the court found that the partnership and the partners were one entity. There, the landowner partnership had its expenses reimbursed by the employer partnership. The court held that the landowner partnership was the alter ego of the employer partnership, and therefore both partnerships should be considered immune from suit.

In contrast, the record in the instant case precludes a summary judgment award in favor of the defendant Partnership on this issue. In fact, there is ample evidence from which it could be concluded that the Concrete Doctor and the Partnership were separate legal entities. Additionally, there are ample facts from which it could be concluded that this was not a scenario involving an alter ego. Accordingly, we find that summary judgment should not have been granted to the Partnership. Because the issue is not before us, we do not decide whether the individual partners would be liable for any portion of a judgment rendered against the Partnership in the event Partnership assets prove insufficient.

For the foregoing reasons, we conclude that the circuit court of Lake County properly granted summary judgment with respect to defendants Weiner and Bartelstein in their individual capacities, but erred in granting summary judgment with respect to the defendant

Partnership. Accordingly, we remand the cause for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

DOYLE and COLWELL, JJ., concur.