RODNEY VAUTSMEIER, Plaintiff-Appellee, v. THE COUNTY OF STEPHENSON, Defendant-Appellant.

Second District    No. 2—96—0751

Opinion filed June 20, 1997.

Michael P. Bald, State's Attorney, of Freeport (Theresa L. Ursin, Assistant State's Attorney, and John X. Breslin and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Robert K. Slattery, of Slattery & Associates, of Freeport, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Rodney Vautsmeier, filed a complaint against defendant, Stephenson County, alleging that defendant was responsible for medical bills incurred while plaintiff was an inmate of the Stephenson County jail. The parties filed cross-motions for summary judgment, and the trial court denied both motions, finding that material issues of fact remained. However, when the parties stipulated that

the amount of plaintiff's medical bills was $13,319.63, the trial court entered judgment for plaintiff in that amount. Defendant appeals, arguing that it was not liable for plaintiff's medical and hospital expenses. We reverse and remand.

Plaintiff filed his complaint on March 3, 1993. According to the complaint, plaintiff had been sentenced on May 22, 1992, to 120 days in the Stephenson County jail. On June 20, 1992, while in the Stephenson County jail, plaintiff experienced pain on the right side of his body. Plaintiff reported his condition to the deputy and then traveled to Freeport Memorial Hospital, where he had emergency gallbladder surgery.

Plaintiff incurred medical and hospital bills totaling $12,439.64. Plaintiff alleged that defendant was responsible for the bills, that demand for payment of the bills had been made, and that defendant refused to pay the bills. Plaintiff based his complaint on two sections of the County Jail Act (the Act) (730 ILCS 125/0.01 *et seq.* (West 1994)). Section 5 of the Act provides:

> "All costs of maintaining persons committed for violations of Illinois law, shall be the responsibility of the county. All costs of maintaining persons committed under any ordinance or resolution of a unit of local government, including medical costs, is the responsibility of the unit of local government enacting the ordinance or resolution, and arresting the person." 730 ILCS 125/5 (West 1994).

Section 17 provides, in part:

> "The Warden of the jail shall furnish necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an accurate account of the same. When medical or hospital services are required by any person held in custody, the county, private hospital, physician or any public agency which provides such services shall be entitled to obtain reimbursement from the county for the cost of such services." 730 ILCS 125/17 (West 1994).

We note that section 17 has been amended recently. See Pub. Act 89—654, eff. August 14, 1996 (amending 730 ILCS 125/17 (West 1994)); Pub. Act 89—676, eff. August 14, 1996 (amending 730 ILCS 125/17 (West 1994)). However, these amendments are not relevant to our analysis in this case.

Defendant moved for summary judgment. In the motion, defendant argued that plaintiff was subject to a work release schedule. When not working, plaintiff was in the custody of the Stephenson County sheriff's department. Defendant argued that the work release director had the authority to release plaintiff to seek medical treatment, and, therefore, defendant was not responsible for plaintiff's bills.

Plaintiff also moved for summary judgment. Plaintiff argued that the work release director did not have the authority to release him for medical treatment. According to plaintiff, he was in the custody of the sheriff, and it was the sheriff's obligation to see that he received medical treatment. Plaintiff asserted that, at the time he needed treatment, it was undisputed that he was in custody at the Stephenson County jail, and therefore, pursuant to section 17, defendant was liable for his medical bills.

The trial court denied both motions. Defendant's motion was denied because the trial court found that plaintiff was in the custody of the sheriff at the time he incurred the medical expenses and, therefore, section 17 applied. The trial court denied plaintiff's motion because it found that issues of fact remained as to the necessity and reasonableness of the expenses. After the parties stipulated that plaintiff's medical bills totaled $13,319.63, the trial court entered judgment for plaintiff in that amount, finding that no issues of fact remained. Although the trial court did not state so in its judgment order, it was clearly entering summary judgment for plaintiff, as no new evidence or testimony, other than the stipulation, was received.

On appeal, defendant argues that we should reverse the trial court's grant of summary judgment for plaintiff and enter judgment in its favor instead. Defendant argues that plaintiff had been released from custody to seek medical treatment, and, therefore, it is not liable for his bills.

■ Summary judgment is properly granted if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1994). The purpose of summary judgment is not to try questions of fact, but to determine whether such questions exist. *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 256 (1996). Summary judgment should be granted only when the right of the moving party is clear and free from doubt. *Guerino v. Depot Place Partnership*, 273 Ill. App. 3d 27, 30 (1995). We review summary judgment orders *de novo. Monticello Insurance Co. v. Wil-Freds Construction, Inc.*, 277 Ill. App. 3d 697, 701 (1996). Where the parties file cross-motions for summary judgment, they invite the court to decide the issues presented as a question of law. *Giannetti v. Angiuli*, 263 Ill. App. 3d 305, 312 (1994). Nevertheless, where factual questions on material issues exist, summary judgment is inappropriate. *Giannetti*, 263 Ill. App. 3d at 312.

Both parties argue that they were entitled to summary judgment. After reviewing the record, we find that material issues of fact remained, and the trial court should not have granted summary judgment for either side.

■ Plaintiff's complaint, his motion for summary judgment, and the trial court's decision were all based on section 17 of the Act. As previously stated, that section entitles the "county, private hospital, physician or any public agency" providing medical or hospital services to obtain reimbursement from the county. 730 ILCS 125/17 (West 1994). The statute unambiguously gives the right for such a cause of action to the medical provider, not the inmate. Yet, here, the inmate recovered a money judgment in his own name, without an allegation that he had paid the bills and was seeking reimbursement. Plaintiff's complaint was ambiguous on this matter. Plaintiff merely stated that "demand for payment of the aforesaid bills has been made and Defendant has refused to pay said bills."

Without a factual finding as to whether plaintiff has paid the bills, the trial court could not have properly allowed plaintiff to recover under section 17. The dilemma for plaintiff is that, if he has not paid the bills, then the hospital is the party owed the money and section 17 gives the hospital the right to seek reimbursement from the county. However, if plaintiff has paid the bills and is seeking reimbursement from the county, then he has another problem because section 17 also provides that "[t]o the extent that such person is reasonably able to pay for such care, including reimbursement from any insurance program or from other medical benefit programs available to such person, he or she shall reimburse the county or arresting authority." 730 ILCS 125/17 (West 1994).

Therefore, on remand the trial court must conduct a factual inquiry into whether plaintiff has paid the bills and is seeking reimbursement. If plaintiff has not paid the bills, then this cause of action belongs to the hospital. If the hospital has been paid, then the court needs to determine the relative ability of plaintiff to pay the bills, either personally or through insurance or other benefit programs. The state of the record at the time the trial court entered summary judgment for plaintiff did not entitle plaintiff to a judgment as a matter of law. Material issues of fact remained to be resolved before the trial court could determine whether plaintiff had any right to recover from defendant. Therefore, we reverse the trial court's order and remand the cause for further proceedings.

The judgment of the circuit court of Stephenson County is re-

versed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS and THOMAS, JJ., concur.