ADVANCE ELEVATOR COMPANY, INC., Plaintiff/Defendant to Counterclaim–Appellee,

v.

FOUR STATE SUPPLY CO., Defendant/Counter Claimant– Appellant.

No. 96–827.

Court of Appeals of Iowa.

Oct. 29, 1997.

Affirmed in part, reversed in part, and remanded.

Matthew V. Stierman of Rodenburg Law Offices, P.C., Council Bluffs, for appellant.

Jon J. Puk of Walentine, O'Toole, McQuillan & Gordan, Omaha, NE, for appellee.

Heard by CADY, C.J., and HUITINK, and VOGEL, JJ.

**CADY, Chief Judge.**

Four State Supply Co. appeals from a judgment entered by the district court awarding Advance Elevator Co. damages for breach of contract and dismissing its counterclaim for negligence. Four State claims the district court erred in enforcing an exculpatory clause on the back of a work order. We affirm in part, reverse in part, and remand for a new trial.

Four State owns a warehouse equipped with a freight elevator. The elevator needed repair and renovation. Four State entered into a written contract and work order with Advance Elevator to do the renovation, repair, and maintenance on the elevator. The work order consisted of a single piece of paper with writing on both sides. The signatures of the parties appeared on the front side. The back of the work order contained exculpatory language in which Four State agreed to "waive any and all rights of recovery arising as a matter of law or otherwise which it might now or hereafter have against Advance Elevator Company, Inc." The document contained no language on the front which referred to the language on the back of the document.

While working on the elevator, Advanced damaged the roof of the warehouse directly above the elevator shaft when the elevator unit came into contact with it. Advance denied responsibility for the damage.

Four State subsequently refused to pay for the repairs to the elevator. In response, Advance filed a mechanic's lien, followed by a petition at law requesting judgment against Four State, including attorney fees. The petition alleged the existence of the mechanic's lien, but did not request foreclosure.

Four State responded to the petition by filing a counterclaim for damages alleging negligence and breach of contract. In reply to the counterclaim, Advance Elevator claimed the exculpatory language in the work order prohibited the counterclaim by Four State.

During the pendency of the action, the elevator failed when hydraulic fluid, water, and oil escaped from the elevator system and flooded the basement of the warehouse.

This incident was included as an aspect of Four State's claim for negligence.

The district court awarded Advance Elevator $3680 for its repair services, but denied its claim for attorney fees. It also found Advance Elevator was negligent in damaging the roof and installing a pump which caused the basement to flood. However, it further determined the exculpatory clause barred the claims.

On appeal Four State contends the district court erred in refusing to award damages on the counterclaim. It asserts insufficient evidence existed to support a finding that the exculpatory language was a term of the agreement.

## I. Scope of Review

An action to enforce a mechanic's lien is in equity and our review on appeal, consequently, is de novo. *Nepstad Custom Homes Co. v. Krull,* 527 N.W.2d 402, 404 (Iowa App.1994). An action for a money judgment based on breach of contract, however, is at law. *See Quigley v. Wilson,* 474 N.W.2d 277, 279 (Iowa App.1991).

In this case, Advance Elevator commenced the action at law and did not request foreclosure. Moreover, the case was tried at law and a personal judgment was entered on the claim. Our review, accordingly, is for correction of errors at law. Iowa R.App. P. 4.

## II. Exculpatory Clause

Contracts which exempt parties from liability for their own negligence are generally enforceable. *Bashford v. Slater,* 250 Iowa 857, 865, 96 N.W.2d 904, 909 (Iowa 1959). However, a party seeking to enforce any agreement has the burden of proving the terms of the contract. *See Anderson v. Douglas & Lomason Co.,* 540 N.W.2d 277, 283 (Iowa 1995). In this case, Advance Elevator claimed the contract exempted it from liability for its negligence. Thus, Advance Elevator had the burden to establish the exculpatory clause was an agreed term of the contract.

Generally, an agreement in writing speaks for itself and absent fraud or mistake, ignorance of the contents will not serve to negate or avoid its contents. *Morgan v.*

*American Family Mut. Ins. Co.,* 534 N.W.2d 92, 99 (Iowa 1995) (insureds charged with knowledge of insurance policy). Further, a party is charged with notice of the terms and conditions of a contract if the party is able or has had the opportunity to read the agreement. *Id.* A party is also bound by a document the party signs even though the party has not expressly accepted all of the contract provisions and is not aware of them. *Joseph L. Wilmotte & Co. v. Rosenman Bros.,* 258 N.W.2d 317, 323 (Iowa 1977); *see Huber v. Hovey,* 501 N.W.2d 53, 55 (Iowa 1993) (failure to read a contract before signing it does not invalidate the contract). A party cannot avoid the terms of the contract simply because a harsh result may occur from the failure to read the contract. *Nelson v. De-Kalb Swine Breeders, Inc.,* 952 F.Supp. 622, 627 (N.D.Iowa 1996) (harsh result from contractor's failure to read contract before signing did not invalidate the terms of the contract).

On the other hand, these principles have been modified when contract terms appear on the back of a contract. In this situation, the facts must be examined to determine whether the person who signed the contract should have as a reasonable person understood it contained terms on the reverse side. *Joseph L. Wilmotte & Co.,* 258 N.W.2d at 323.

Two rules have emerged to further determine whether a party is bound by terms on the reverse side of a written contract. When there is contract language on the front of the contract referring the parties to the back of the contract, the parties are usually bound by the agreement. *Id.* (party in arbitration claim held to language on the back of a contract when language on the front of the contract read "subject to the general conditions of sales, when on the reverse side"); *N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722, 727 (8th Cir. 1976) (party cannot avoid effect of written acceptance of contract when language on the face of the contract above the party's signature incorporates provisions on the reverse side of the document); *Elsken v. Network Multi-Family Sec. Corp.,* 49 F.3d 1470, 1473–74 (10th Cir.1995) (party could not

avoid liability limitation on back of contract when statement on the front of the contract incorporated terms on reverse side). Conversely, when language on the front of the contract contains no reference to language on the back of the contract, and the drafter of the contract did not bring the language on the back of the contract to the attention of the other party, a disclaimer on the back of the contract has no legal effect. *Dailey v. Holiday Distributing Corp.*, 260 Iowa 859, 870, 151 N.W.2d 477, 485 (Iowa 1967).

In this case, the trial court applied the exculpatory clauses on the back of the contract to exempt Advance Elevator from liability for its negligence without determining whether Four State had knowledge or should have known of the clause. Furthermore, Advance introduced no evidence at trial that it alerted Four State to the presence of the clause on the reverse side of the work order by making the language visibly conspicuous or by some direct reference.[1]

Advance Elevator had the burden to establish it brought the exculpatory clause to the attention of Four State. The front side of the work order contained no reference to the additional terms on the reverse side and there was no evidence the disclaimer was otherwise brought to the attention of Four State. Advance Elevator failed to meet their burden. We agree with Four State the evidence was insufficient to support a finding that the exculpatory clause was a term of the contract. *See Arbie Mineral Feed Co. v. Nissen*, 179 N.W.2d 593, 595 (Iowa 1970) (in ordinary civil action, tried to the court, the sufficiency of the evidence may be challenged on appeal even though not raised at trial); *see also* Iowa R. Civ. P. 179(b).

### III. Negligence

Advance Elevator claims the district court erred in finding it was negligent in servicing the elevator. Although Advance Elevator did not cross-appeal from the trial court's ruling, the issue is preserved for our

review. A successful party is not required to cross-appeal to preserve error on a ground urged but rejected by the district court. *Johnston Equipment Corp. v. Industrial Indem.*, 489 N.W.2d 13, 16 (Iowa 1992).

In our review at law, we are bound by the district court's findings of fact if supported by substantial evidence. *Power Eng. & Mfg. v. Krug Int'l.*, 501 N.W.2d 490, 493 (Iowa 1993). The expert testimony and the damage associated with the repair work provides substantial support for a finding of negligence. We conclude substantial evidence exists for the finding of negligence.

### IV. Attorney Fees

Advance Elevator also claims, without filing a cross-appeal, the district court erred in failing to award attorney fees. This issue has not been preserved for our review.

The rule that a successful party at trial need not cross-appeal to preserve error on a ground urged but ignored or rejected by the trial court exists because a successful party cannot appeal from a favorable ruling. *Johnston Equipment Corp.*, 489 N.W.2d at 16. Although Advance Elevator was the successful party at trial on the counterclaim brought by Four State, it was not entirely successful on its own claim because it did not receive a favorable ruling on its request for attorney fees. *See Guerino v. Depot Place Partnership*, 273 Ill.App.3d 27, 209 Ill.Dec. 870, 873, 652 N.E.2d 410, 413 (1995) (findings by trial court adverse to appellee require cross-appeal if judgment was at least partially against appellee). Thus, Advance Elevator was required to cross-appeal from the denial of its claim for attorney fees to preserve error. *See Deutsche Credit Corp. v. Case Power & Equipment Co.*, 179 Ariz. 155, 876 P.2d 1190, 1198 (Ariz.App.1994) (error not preserved for review absent cross-appeal from order the trial court denying attorney fees to prevailing party in contract action); *Hudgens v.*

---

1. At trial, the president of Four State responded "yes" when asked if she had read "the contract." The record otherwise contains no evidence of knowledge by Four State of the exculpatory clause. Advance Elevator made no effort to specifically ascertain if Four State was aware of the language on the reverse side of the work order. Furthermore, there was no testimony from Ad-

vance Elevator officials that they pointed out the exculpatory clause to Four State. The issue was never addressed by the evidence and the trial court applied the exculpatory clause on the back of the work order to insulate Advance Elevator from liability for its negligence without specifically finding the clause was brought to the attention of Four State.

*CNA/Continental Cas. Co.*, 252 Kan. 478, 845 P.2d 694, 699 (1993) (whether trial court improperly denied attorney fees to appellee was not preserved without a cross-appeal). Nevertheless, even if error was preserved, Advance Elevator was not entitled to attorney fees because it did not seek foreclosure of its mechanic's lien. *See Hockenberg Equipment Co. v. Hockenberg's Equipment & Supply Co.*, 510 N.W.2d 153, 158 (Iowa 1993) (attorney fees generally not recoverable absent statute or provision in written contract except under the rare exception when the losing party has acted in bad faith).

## V. Conclusion

We affirm the judgment entered by the district court against Four State. We reverse the dismissal of the counter claim and remand to the district court for a new trial on damages based on the finding of negligence.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR NEW TRIAL.**