**IN THE COURT OF APPEALS OF IOWA**

No. 13-1194
Filed July 30, 2014

**DARRELL L. PETERSON, d/b/a**
**PETERSON'S SENIOR HEALTH**
**INSURANCE,**
    Plaintiff-Appellant,

**vs.**

**STEVEN VAASSEN,**
    Defendant-Appellee.
_____

**STEVEN VAASSEN,**
    Counter-Claim Plaintiff,

**vs.**

**DARRELL L. PETERSON d/b/a**
**PETERSON'S SENIOR HEALTH**
**INSURANCE,**
    Counter-Claim Defendant.
_____

    Appeal from the Iowa District Court for Linn County, Mitchell Turner,

Judge.


    An insurance agent appeals the district court's determination of damages

based on a breach-of-contract claim against his former sub-agent and

determination of offsets based on the sub-agent's counterclaim. **AFFIRMED.**


    Linda Hansen Robbins, Cedar Rapids, for appellant.

    Matthew W. Boleyn of Reynolds & Kenline, L.L.P., for appellee.

    Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Darrell Peterson started an insurance agency known as Peterson's Senior Health Insurance in Marion. Steven Vaasen worked as a sub-agent for Peterson for seven years, leaving in 2007. In 2009, Peterson sued Vaasen for breach of contract and fraudulent misrepresentation, alleging Vaasen owed him $14,053[1] in reimbursement for miscalculated commission percentages and chargebacks.[2] Vaasen filed a counterclaim, alleging Peterson interfered with his contractual relations and business prospects and was unjustly enriched by receiving the ongoing financial benefits of Vaasen's work.

The district court heard testimony concerning the claims and counterclaims on September 20, 2011, and May 9, 2013.[3] On June 27, 2013, the court issued detailed findings of fact and well-supported conclusions of law. The court ruled Vaasen was obligated to pay Peterson just less than $6000 and, under the theory of unjust enrichment, Vaasen was entitled to an offset of the same amount.[4] Accordingly, the court declined to enter a net judgment in favor of either party.

Peterson appeals, contending: "There was no substantial evidence in the record to support the trial court's conclusion Vaasen" did not owe him $2575.05 in shortfalls from Wellmark commissions and $1904.22 in chargebacks on

---

[1] By the time of appeal, Peterson alleged total damages in the amount of $10,552.80.
[2] Chargebacks were defined at trial as the amount sub-agents owe their agency when they receive commissions for selling a policy that is later rejected by the customer or the insurance company.
[3] Vaasen suffered a heart attack in the courtroom on the morning of the second day of trial, necessitating the continuance.
[4] The court rejected Vaasen's claims for interference with contractual relations and business prospects.

miscalculated commissions. On the chargeback issue, Peterson contends the district court made a mistake of fact and cites to an exchange on cross-examination where Vaasen testified he "did not disagree" with the $4062.09 number listed in Peterson's exhibit.

Peterson also argues the district court erred in finding he was unjustly enriched from Vaasen's unpaid renewals because Vaasen had "unclean hands." Specifically, Peterson claims Vaasen was not entitled to equitable relief because he released Vaasen's business contracts based on Vaasen's promise to refrain from replacing them with new policies, but Vaasen broke that promise—replacing an inordinate amount of business by inducing customers to switch policies which resulted in Peterson losing renewals and Vaasen earning higher first-year commissions. This practice is known in insurance industry as "churning."

Vaasen contends we should affirm because the district court was entitled to judge the credibility and accuracy of Peterson's tabulations of Vaasen's debts. Vaasen denies conceding "specific monies were owed to Peterson." Instead, he admits "some monies were owed to Peterson" as chargebacks. Vaasen also disputes the allegations of "churning"—highlighting the district court's finding that the evidence did not establish an industry standard for what would be considered an acceptable amount of replacement business by a former sub-agent.

We review Peterson's contract claims for the correction of errors at law. *See Burke v. Hawkeye Nat'l Life Ins. Co.*, 474 N.W.2d 110, 112 (Iowa 1991). The district court's findings of fact have the effect of a special verdict and are binding if supported by substantial evidence. *Id.* Because unjust enrichment and

unclean hands are equitable doctrines, and the district court expressly evaluated those issues in equity, we review those conclusions de novo. *See Iowa Waste Sys., Inc. v. Buchanan Cnty*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000).

After thoroughly reviewing the testimony and exhibits, we reject Peterson's contentions. In doing so, we apply the following legal concepts. An insurance agent's right to renewal commissions may arise from either a written or oral contract. *See Burke*, 474 N.W.2d at 113. Because Peterson sought to enforce an oral agreement with Vaasen, he had the burden of proving its terms. *See Advance Elevator Co., Inc. v. Four State Supply Co.*, 572 N.W.2d 186, 188 (Iowa Ct. App. 1997). Oral contract terms and whether they were breached ordinarily are questions for the fact finder. *Burke*, 474 N.W.2d at 113.

In this case, the district court found the terms of any oral contract between the parties were not sufficiently fleshed out. In the district court's words: "While it is clear that the parties were operating under an 'agreement' of sorts, the Court is somewhat appalled by the 'loosey-goosey' nature of the relationship." The district court found Vaasen specifically acknowledged owing $3601.35 to Peterson for shortfalls in reimbursements for Great American Financial business; $2157.87 for "normal course" chargebacks[5] through December 10, 2007; and other nominal charges of $157.11. The district court concluded Peterson did not prove any further damages. We agree with that assessment. The district court was entitled to interpret Vaasen's testimony concerning the chargebacks as a

---

[5] The court was understandably troubled by Peterson's claim of $1904.22 in additional damages based on allegedly incorrect commissions paid from September 2006 to January 2007, but was not added to the amount he claimed Vaasen owed until December 17, 2007.

less encompassing admission than Peterson urges on appeal. Vaasen's response to a leading cross-examination question that he did not "have any reason to disagree" with the number $4062.09 did not bind him to a concession that he owed that entire amount under the oral contract.

On the second issue, the district court determined Peterson was unjustly enriched because he kept Vaasen's renewal premiums since November 2007, while admitting in emails he owed Vaasen for those renewals. The court pointed to Peterson's testimony that his staff calculated Vaasen's renewals in late 2007 as "a little under $500" per month. Peterson acknowledged receiving approximately $6000 just in 2008 based on the "book of business" Vaasen had generated while working at his agency. The district court decided "Peterson was unjustly enriched in the approximate amount of $6,000." We agree with that decision.

In summary, we find the evidence sufficient to support the district court's findings of fact. Moreover, the district court's decision identifies and considers all the issues presented and we approve of its reasoning and conclusions. A full opinion would not augment or clarify existing case law. Accordingly, we affirm by this memorandum opinion. *See* Iowa Court Rule 21.26(1)(b), (d), (e).

**AFFIRMED.**