LEO KONTOS, Plaintiff-Appellant, v. GEORGE BOUDROS, Defendant-Appellee.

Second District No. 2—92—0101

Opinion filed February 1, 1993.

David Drenk and Christopher J. Stoll, both of Leoris & Cohen, P.C., of Highland Park, for appellant.

William E. Hoverson, Jr., of Modesto, Reynolds & McDermott, of Chicago, and James P. Hynes, of Modesto, Reynolds & McDermott, of Wheaton, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Leo Kontos, appeals the order of the circuit court dismissing his complaint against defendant, George Boudros. Plaintiff filed a two-count complaint charging defendant with a violation of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*) and with negligence. Plaintiff alleged that defendant sent him to the roof of his building with a ladder to change light bulbs and that plaintiff fell and suffered injury. However, plaintiff recovered an award against Tareydale Restaurant, Inc. (Tareydale), under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*), and the

trial court ruled that plaintiff's action was barred since the Workers' Compensation Act provided the exclusive remedy. The issues on appeal are whether defendant was a third party liable for the injuries and whether defendant's status as a co-employee of Tareydale's barred plaintiff's recovery.

In count I of his complaint, plaintiff alleged that he had been an employee of Tareydale. Defendant was the owner of the property on which Tareydale operated the restaurant. Plaintiff alleged that at the insistence, direction and supervision of defendant, plaintiff climbed to the roof on a ladder supplied by defendant. Plaintiff fell and suffered injury. Plaintiff alleged defendant breached his duty to provide a safe ladder. In count II, plaintiff alleged various negligent acts of defendant in supplying the ladder or supervising the actions. Plaintiff alleged defendant breached a duty to supervise properly the use of the ladder.

Defendant answered plaintiff's interrogatories and admitted that defendant owned the real estate as a beneficiary of a land trust upon which the restaurant operated. He also owned the ladder. Defendant was the president and secretary of Tareydale. In terms of employment, defendant answered he was the owner-manager. Tareydale paid defendant $5,000 rent for use of the building.

After the accident, plaintiff sought recovery from Tareydale under the Workers' Compensation Act. At the hearing on his claim, plaintiff testified, via a Greek translator:

"Q. Mr. Kontos, I call your attention to the date of March 26, 1987. On that date you were employed at the Tareydale Restaurant; is that correct?
A. Yes.

* * *

A. I was inside and the boss told [me] to go out, clean some lamps, light bulbs.
Q. Who is the boss?
A. George Boudros.

* * *

Q. [Tareydale counsel]. Mr. Kontos, you indicated that your boss told you to go up on the roof to change the light bulbs?
A. Yes.

* * *

Q. And Mr. Boudros is your boss?
A. Yes.
Q. And he has asked you to do these things before?
A. Yes.

\* \* \*

Q. You indicated you used a ladder; where did you get the ladder?

A. It was in the restaurant.

Q. In the restaurant, does the ladder belong to the restaurant?

A. Yes."

The issue disputed at the hearing involved the length of plaintiff's disability. Tareydale did not dispute the employee-employer relationship.

Based on the above evidence, the trial court ruled that the Workers' Compensation Act provided plaintiff's exclusive remedy. Moreover, because plaintiff testified that he was acting in his course of duties for Tareydale, he could not claim he was working for defendant. The court granted defendant's motion to dismiss the complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619).

The purpose of section 2—619 is to provide a means to dispose of issues of law or easily proved facts to support an affirmative bar to a plaintiff's recovery. (*Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 232-33.) A trial court should not grant the section 2—619 motion to dismiss if material facts are controverted or if the court must weigh the evidence. In assessing a section 2—619 motion to dismiss, the trial court must accept all properly pleaded facts as true. *Carrillo v. Hamling* (1990), 198 Ill. App. 3d 758, 764.

Plaintiff contends that the Workers' Compensation Act does not preclude an action against a third party, and he cites section 5 of the Act:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act." (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(b).)

Section 5(b) further states the employer is granted the right of reimbursement against the third party in the event of such liability, thus avoiding an employee's double recovery. The purpose of allowing third-party suits is to make the ultimate wrongdoer pay for the loss. (2A A. Larson, Workmen's Compensation §71.10 (1991).) Blame and liability are shifted to the party ultimately causing injury. Plaintiff

notes that Tareydale was his employer and that defendant was a third party.

Defendant contends, however, that plaintiff's action is barred because defendant also happened to be a co-employee of Tareydale. Section 5 of the Act provides:

> "(a) No common law or statutory right to recover damages from the employer *** *agents or employees* *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).)

Defendant maintains that his status as manager of the restaurant made him Tareydale's co-employee and that section 5(a) operates to preclude a suit against defendant since plaintiff already recovered from their common employer, Tareydale.

Plaintiff argues the record is insufficient to support a claim that defendant was operating as the restaurant manager instead of the building manager when he ordered plaintiff to the roof and, alternatively, that there is a material issue of fact precluding the finding. Plaintiff also argues that under the dual persona doctrine defendant acted in two capacities, one as restaurant manager and the other as owner/lessor of the premises, and thus the co-employee preclusion does not apply.

■ The third-party liability doctrine allows an employee to collect full tort damages against the ultimate wrongdoer. The Workers' Compensation Act has a different policy of establishing a new system of liability without fault, designed to distribute the cost of industrial injuries without regard to the common-law doctrines of negligence, contributory negligence, assumption of risk and the like. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326.) The Act balances the imposition of no-fault liability upon the employer against the statutory limitations upon the amount of the employee's recovery and the preclusion of other theories of recovery. (95 Ill. 2d at 326.) Thus, injuries caused by employers or co-employees which arise in the course of the employment are barred by section 5(a) of the Act. (*Carrillo v. Hamling* (1990), 198 Ill. App. 3d 758, 765.) It is problematic when the third-party tort-feasor happens to be the employer, as, for example, when the employer also is liable under products liability, the Structural Work Act, or negligence. In such cases the claim is barred under the exclusivity provision of section 5(a). The dual persona doctrine is based on the idea that it would be contrary to the beneficent purposes

of compensation law to deprive a claimant of the rights to sue a third party, the ultimate wrongdoer, in tort merely because the third party and the employer have merged into a single entity. See *Robinson v. K F C National Management Co.* (1988), 171 Ill. App. 3d 867, 872, citing 2A A. Larson, Workmen's Compensation §72.83, at 14—236 (1988).

To invoke the dual persona doctrine, a plaintiff must show more than a separate theory of liability. (*Smith v. Metropolitan Sanitary District of Greater Chicago* (1979), 77 Ill. 2d 313, 319.) The cause of an industrial accident is almost always tied to another legal theory of liability such as negligence. To recover on an otherwise barred theory, the plaintiff must show the defendant acted in two separate capacities and that the plaintiff was injured by the defendant while the defendant was acting in his second, nonemployer capacity; in other words, the employer was also a third party and was acting as a third party. (*Oakes v. Gaines* (1982), 107 Ill. App. 3d 212, 216.) While *Romo v. Allin Express Service, Inc.* (1982), 106 Ill. App. 3d 363, 364, posited in *dicta* that the dual persona doctrine did not apply to co-employees, *Oakes* (107 Ill. App. 3d at 216) held that the bar would not always apply. We agree with *Oakes*, because the third-party liability would be clear, for example, if Tareydale catered a party at defendant's home, at which defective premises caused plaintiff's injury. Defendant's duty to provide safe premises for invitees would be different from and unrelated to Tareydale's duties to its employees.

The dual persona doctrine is best explained through examples. (*Robinson*, 171 Ill. App. 3d at 871, quoting 2A A. Larson, Workmen's Compensation §72.81(a), at 14—231 (1988).) In one case where the dual persona doctrine applied, a corporation manufactured a defective product which caused injury to the employee of a separate corporation which merged into the first corporation; the fortuity that the two corporations merged should not have barred the employee's right to sue the ultimate third-party tort-feasor. *Robinson*, 171 Ill. App. 3d at 874.

We do not need to address the dual persona doctrine unless the defendant's identity has merged into that of an employer or employee. Plaintiff's cause of action is the statutory right to sue third-party tort-feasors for injuries. The dual persona doctrine in certain circumstances merely remedies the bar to recovery which arises when the third party is also an employee or employer. Here, Tareydale is the employer, and defendant is a separate legal entity. Defendant cannot pierce his own corporate veil, at least not on the facts before the court. He cannot choose when to disregard his corporate form or busi-

ness at his own convenience. The dual persona doctrine does not need to be applied when the corporate employer is a separate entity from the owners of the corporation who also own the land upon which the injury occurred. (2A A. Larson, Workmen's Compensation §72.81(b) (1991), citing *Mastey v. Mancusi* (1983), 122 Misc. 2d 119, ___, 469 N.Y.S.2d 890, 892.) However, unlike the shareholders of *Mastey*, defendant states that he was also an employee of the corporate employer; thus, defendant has raised the issue of whether he was immune under the co-employee doctrine.

■ We believe that the trial court properly decided that defendant was immune as an employee or agent of Tareydale. He was not merely the president and shareholder but also the manager of a restaurant. By requesting worker's compensation from Tareydale, plaintiff admitted that he was acting within the scope of his duties to Tareydale. The injury arose out of his employment. (*Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 548; *Miller v. Reynolds* (1990), 200 Ill. App. 3d 166, 171.) Plaintiff testified that he climbed to the roof at defendant's orders. We believe that the evidence and the reasonable inferences drawn from the record reveal that defendant was an agent of Tareydale.

Plaintiff cites *Boatman v. Jordan* (1968), 102 Ill. App. 2d 55, to state that, as a matter of law, defendant, the president of the corporation, could not be an employee for the purposes of the Act. In *Boatman*, the court stated that "without some showing of an actual employment the president of a one-man or principally-owned corporation cannot be considered its employee merely because of that fact." (102 Ill. App. 2d at 64.) In *Boatman*, this ruling allowed the plaintiff, an injured worker of the small corporation, to sue the president, who also owned the defective premises, on a theory of premises liability. In *Boatman*, the defendant was also directing the workers in the business. *Boatman* ruled that as an executive the defendant could not be the plaintiff's co-employee. However, under a dual capacity doctrine, one who is the sole shareholder and president of a corporation, the employer, may still be considered an employee if at the time of the injury he is performing the work of an ordinary employee as distinguished from the work discharging his executive responsibilities. (*Bolnick v. Industrial Comm'n* (1980), 81 Ill. 2d 22, 26; see *Master Leakfinding Co. v. Industrial Comm'n* (1977), 67 Ill. 2d 517, 526.) Defendant alleges that he was the manager and more than a mere stockholder, but this allegation supports a conclusion that he was an executive.

Defendant notes that since the time of *Boatman* the legislature amended the Act to expand coverage. The Act now allows a partner or a sole proprietor to be considered an employee to recover worker's compensation against himself as an employer. (See Ill. Rev. Stat. 1991, ch. 48, par. 138.1(b)(3).) However, defendant fails to demonstrate that the scope of coverage was expanded to include nominal corporate officers or directors. (See *Romondo v. Industrial Comm'n* (1988), 171 Ill. App. 3d 838, 843.) Nevertheless, we do not believe that the *Boatman* case is dispositive. *Boatman* construed the dual-capacity cases which analyzed who was an employee for purposes of determining who was eligible to receive payments under the Act. The issue in those cases was whether an owner of a company was also an employee and thus eligible to receive payments. However, the purpose of analyzing who is an employee to determine eligibility for benefits differs from the purpose of analyzing who is an employee to determine immunity. Section 5(a) immunizes both employees and *agents* of the employer. Executive officers, who may not qualify as employees of the corporation, are nonetheless its agents. A corporation speaks through its agents. As agents, the officers are immune from civil suit for actions arising out of employment. (*Mier v. Staley* (1975), 28 Ill. App. 3d 373, 378-79.) This interpretation of the Act is consistent with the purpose of the Act which provides employees with a sure remedy and immunizes corporate policy decisions executed by its officers. (See *Mier*, 28 Ill. App. 3d at 379.) Executives do not become jointly liable for the corporate decisions they implement. Thus, defendant is immune from suit in his persona of plaintiff's "boss."

Because defendant was an agent of Tareydale, the Act bars a suit against him unless the dual persona doctrine applies. Plaintiff argues that persona arises from his ownership of the building. In other words, plaintiff must show that had Tareydale leased the premises from a third-party landlord who directed plaintiff to go to the roof, he could sue that third party. Plaintiff had to show that defendant acted in two capacities and that plaintiff was injured as a result of the activities performed by the defendant while engaging in the second capacity. (*Oakes*, 107 Ill. App. 3d at 216.) The test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the individual's first role as the agent of the employer. (*McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 357.) We note that in his complaint, while plaintiff does call defendant the owner of the property on which the restaurant operated, plaintiff does not assign any breach of the landowner's duty; he does not allege the premises were unsafe. Rather,

plaintiff alleges only the breach of a duty to provide an adequate and safe ladder and to supervise properly the use of said ladder. This duty is not different from Tareydale's duty to provide a safe workplace for the employees or defendant's duty to implement Tareydale's obligation. The duties are intertwined. Thus, plaintiff has failed to show that defendant was acting in a dual capacity when the injury occurred. While defendant may have had a conflict of interest in directing corporate employees to maintain his personal estate, there is no evidence that the corporation would not have maintained the premises under its lease or sought to improve the appearance of its business.

> " 'An employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles.' " (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 328, quoting 2A A. Larson, Workmen's Compensation §72.82 (1982).)

There is no question that plaintiff considered himself to be engaged in the restaurant business because he filed a claim against Tareydale. Thus, his argument under the dual persona doctrine must fail.

For the above reasons, the judgment of the circuit court is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.