LARRY REYNOLDS, Plaintiff-Appellant, v. LYNN E. CLARKSON, Defendant-Appellee.

Fourth District   No. 4—93—0897

Opinion filed June 23, 1994.

Craig A. Randle, of Londrigan, Potter & Randle, P.C., of Springfield, and William C. Faber, of McCarthy, Rowden & Faber, of Decatur, for appellant.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Larry Reynolds, appeals the order of the circuit court of Macon County granting summary judgment for defendant, Lynn E. Clarkson. Plaintiff filed a complaint against defendant relying on theories of premises liability, nuisance, and ordinance violations. Plaintiff alleged defendant owned or leased property containing a grain elevator where plaintiff worked and that plaintiff fell from a fixed metal ladder in the workhouse of the elevator and sustained injuries. However, plaintiff recovered an award against Clarkson Grain Company, Inc. (Clarkson), under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*), and the trial court ruled plaintiff's action was barred since the Act provided an exclusive remedy. We affirm.

Plaintiff's injuries are work related and he applied for and received compensation benefits under the Act. Defendant is the president and a director of Clarkson. In addition, defendant is a salaried employee of the company and serves as the corporation's chief operating officer. Defendant owned the elevator premises prior to plaintiff's injury, but the trial court found he was not the legal title holder on the day of plaintiff's accident.

Section 5 of the Act provides in pertinent part:

"(a) No common law or statutory right to recover damages from the employer, *** agents or employees *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).

The trial court found defendant to be immune from suit by virtue of the exclusive remedy provisions of section 5(a) of the Act. Plaintiff

argues the so-called "dual capacity doctrine" provides an exception to the immunity granted in section 5(a) and allows suit to be brought against an employer, its agent or employee, who, while acting in a distinct separate legal persona, is the legal cause of a work injury. In a well-explicated opinion which assists our review, the trial court explains why the doctrine is not applicable to the facts of this case.

Defendant acquired and developed the land on which the grain elevator stood and sold, leased, or otherwise transferred it to the company which employed plaintiff. The Supreme Court of Illinois has rejected the argument an employer which is also the landowner is deprived of its statutory immunity when an injured worker brings suit under common law or statutory theories of landowner liability. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326-27, 447 N.E.2d 786, 787-88.) The court in *Sharp* also found there to be only one legal entity where a two-person partnership was the plaintiff's employer under one name and the landowner under another name. *Sharp*, 95 Ill. 2d at 328, 447 N.E.2d at 788.

Plaintiff contends where, as here, the defendant is both the landowner and a coemployee of the injured worker, a dual capacity can be shown because his legal obligations to plaintiff stem from two different legal relationships to him. He argues we have suggested this possibility in the recent case *Kontos v. Boudros* (1993), 241 Ill. App. 3d 198, 608 N.E.2d 573. *Kontos* dealt with a situation where the relationship between the parties was similar to this case. The defendant was a coemployee of the injured plaintiff, president of the corporation employing both parties and, individually, owner of the premises on which the corporation conducted its business. (*Kontos*, 241 Ill. App. 3d at 199, 608 N.E.2d at 574.) The court in *Kontos* treated the defendant more as an agent of the corporation rather than a mere coemployee of the plaintiff because he was a manager, plaintiff's boss, and, thus, an agent of the corporation. *Kontos*, 241 Ill. App. 3d at 203-04, 608 N.E.2d at 577-78.

The duties of the defendant as manager and those of landowner were alleged by the plaintiff in *Kontos* to be those of providing a safe workplace and safe tools with which to work. The court found the duties of landowner and employer to be intertwined, hence no dual capacity. However, the court, in *dicta*, noted the complaint did not make separate allegations of a breach of the landowner's duty, *i.e.*, alleging the premises to be unsafe. (*Kontos*, 241 Ill. App. 3d at 204-05, 608 N.E.2d at 578.) Plaintiff here has pointed to this language as subjecting a coemployee/manager/landowner to dual capacity liability where allegations specific to a landowner are alleged.

We disagree. As *dicta*, this language is not binding. Instead, the

rationale and holding of *Sharp* are controlling. A two-part test has been developed to determine whether to apply the dual capacity doctrine. This test requires (1) a second capacity of the employer which generates obligations unrelated to those flowing from the first, that of employer, and (2) a second, distinct legal persona of the employer. (*Hyman v. Sipi Metals Corp.* (1987), 156 Ill. App. 3d 207, 212, 509 N.E.2d 516, 520; *Ocasek v. Krass* (1987), 153 Ill. App. 3d 215, 217-18, 505 N.E.2d 1258, 1260.) While the test has been enunciated using the word "employer," there is no reason not to apply it to coemployees and agents of the employer. As either coemployee or agent of Clarkson, defendant fails to pass the test. As a coemployee or as an agent of Clarkson, defendant in the instant case is an individual. His legal persona as a landowner, transferor, or premises controller of the land occupied by the company's grain elevator is also as an individual. As an agent of Clarkson, defendant's duties as plaintiff's boss were to furnish him with a safe place to work which is related to the common law duty of the landowner to provide safe premises and, as held in *Sharp*, does not cause loss of immunity from suit.

The dual capacity doctrine does not apply to defendant, so the immunity provisions of section 5(a) of the Act do. Plaintiff's suit against defendant is barred by section 5(a), and the trial court's grant of summary judgment for defendant is affirmed.

Affirmed.

COOK and LUND, JJ., concur.