# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Hilgart v. 210 Mittel Drive Partnership*, 2012 IL App (2d) 110943

| | |
|---|---|
| Appellate Court Caption | CAROLYN HILGART, Plaintiff-Appellant, v. 210 MITTEL DRIVE PARTNERSHIP; STEVEN LETURNO, Individually and d/b/a 210 Mittel Drive Partnership; and DANIEL LISOWSKI, Individually and d/b/a 210 Mittel Drive Partnership, Defendants-Appellees (The Brickman Group, Ltd., Defendant and Third-Party Plaintiff, and AIT Worldwide Logistics, Inc., Third-Party Defendant). |
| District & No. | Second District<br>Docket No. 2-11-0943 |
| Filed | October 17, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when she fell on the stairs while leaving the building in which she worked, summary judgment was properly entered for the partnership that owned the building and the individual partners on the ground that defendants were immune from liability under the exclusive remedy provision of the Workers' Compensation Act, notwithstanding plaintiff's contention that the dual capacity doctrine applied because the partners were also the president and vice-president of plaintiff's employer, since their duties as owners of the building were related to their duties as plaintiff's employer. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 08-L-171; the Hon. Kenneth L. Popejoy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Steven A. Berman and Michael J. Ray, both of Anesi, Ozman, Rodin, Novak & Kohen, Ltd., of Chicago, for appellant.

Christopher J. Dallavo and Christopher T. Buckley, both of Schueler, Dallavo & Casieri, of Chicago, for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Carolyn Hilgart, appeals from an order granting summary judgment to defendants, 210 Mittel Drive Partnership (Mittel); Steven Leturno; and Daniel Lisowski, in this negligence action for injuries Hilgart sustained when she fell on stairs while leaving work. On appeal, Hilgart argues that the trial court erred in granting summary judgment, because there are genuine issues of material fact regarding whether: (1) Mittel, Leturno, and Lisowski had notice of the dangerous condition; and (2) Leturno and Lisowski can be held liable pursuant to the dual capacity doctrine. We affirm.

¶ 2                                 I. BACKGROUND

¶ 3     On the morning of January 31, 2007, Hilgart was injured when she fell on the outdoor stairs leading to a parking lot while leaving the building of her place of employment, AIT Worldwide Logistics, Inc. (AIT). The stairs were installed by The Brickman Group, Ltd. (Brickman), in 1997.

¶ 4     On December 16, 2008, Hilgart filed an amended complaint seeking monetary damages for injuries incurred from her fall on the stairs. Hilgart sought judgment against: (1) Mittel, the partnership that owned the building; and (2) Leturno and Lisowski, Mittel's individual partners. Hilgart alleged that Mittel, Leturno, and Lisowski, and/or their agents, employees, or servants, negligently: (1) operated, managed, maintained, and controlled the premises; (2) "[a]llowed pieces of stone to protrude from the steps posing a tripping hazard"; (3) failed to properly inspect the stairs when they should have known that inspection was necessary; (4) failed to warn Hilgart of the dangerous stairs when they knew or should have known a warning was necessary; (5) failed to provide a handrail; (6) allowed the tread of the stairs to exist in a dangerous condition; and (7) allowed the risers of the stairs to exist in a dangerous condition.

¶ 5     Hilgart also sought damages against Brickman. Hilgart alleged that Brickman negligently constructed, designed, supervised, or planned the construction of the stairs. On April 9, 2009,

Brickman filed against AIT a third-party complaint for contribution.

¶ 6    At the time of the incident, Mittel owned AIT. Leturno and Lisowski were individual partners of Mittel, shareholders of AIT, and president and vice president of AIT, respectively. Mittel acquired the building in 1997. Shortly thereafter, AIT leased the building for its freight logistics business. A lease, dated January 21, 1997, and in effect on the day of Hilgart's fall, was entered into between AIT, as "Lessee," and Mittel, as "Lessor." Paragraph two of the lease, entitled "Condition and Upkeep of Premises," provided:

"Lessee has examined and knows the conditions of the Premises and has received the same in good working order and repair, and acknowledges that no representations as to the condition and repair thereof have been made by Lessor, or his agent, prior to or at the execution of this lease that are not herein expressed; Lessee will keep the Premises including all appurtenances, in good working repair."

The lease was signed by Leturno on behalf of AIT and by both Leturno and Lisowski on behalf of Mittel.

¶ 7    Mittel, Leturno, and Lisowski filed a motion for summary judgment, arguing that: (1) Mittel, as the lessor of the premises, was immune from Hilgart's negligence suit because the premises were in the possession and control of Hilgart's employer, AIT; (2) Leturno and Lisowski, as agents of AIT, were immune from Hilgart's negligence suit, pursuant to section 5(a) of the Workers' Compensation Act (Act) (820 ILCS 305/5(a) (West 2006))[1]; and (3) in the alternative, Mittel, Leturno, and Lisowski did not have actual or constructive notice of any defect in the stairs.

¶ 8    Hilgart filed a response, arguing that: (1) Mittel was not entitled to lessor immunity because the lease applied only to the interior space of the AIT office; (2) Mittel was not entitled to immunity under the Act, because Mittel and AIT were separate legal entities; and (3) Mittel, Leturno, and Lisowski each had constructive notice of a defect in the stairs, which were not constructed in compliance with code requirements.

¶ 9    On June 7, 2011, the trial court granted summary judgment in favor of Mittel, Leturno, and Lisowski. The entire order states:

"1) The motion for summary judgment filed by 210 Mittel Drive Partnership, Steven Leturno and Daniel Lisowski is granted for the reasons stated on the record by Judge Kenneth Popejoy, and judgment is hereby entered in favor of 210 Mittel Drive Partnership, Daniel Lisowski and Steven Leturno and against Plaintiff, Carolyn Hilgart.

2) There is no just reason to delay enforcement or appeal of this order pursuant to Illinois Supreme Court Rule 304(a)."

The transcript of the hearing and of the trial court's oral ruling indicates that the trial court granted summary judgment in favor of Mittel based on lack of actual or constructive notice. The trial court granted summary judgment in favor of Leturno and Lisowski based on their immunity pursuant to the Act, citing *Guerino v. Depot Place Partnership*, 273 Ill. App. 3d 27 (1995). The same day the trial court granted summary judgment, Hilgart filed a motion

---

[1]Hilgart had filed a claim against AIT under the Act. 820 ILCS 305/1 *et seq.* (West 2006).

to reconsider. On September 1, 2011, the trial court denied Hilgart's motion to reconsider.

¶ 10  The trial court entered a second order on June 7, 2011, granting summary judgment in favor of Brickman on Hilgart's complaint. The trial court also dismissed with prejudice Brickman's third-party complaint against AIT, "in light of the above entered summary judgment." The order also stated, "This is a final order and there is no just cause to delay the enforcement or appeal of this order pursuant to [R]ule 304(a)."

¶ 11  On September 22, 2011, Hilgart filed a notice of appeal from the June 7, 2011, order granting summary judgment in favor of Mittel, Leturno, and Lisowski, and from the September 1, 2011, order denying Hilgart's motion to reconsider.

¶ 12                                     II. ANALYSIS
¶ 13                                    A. Jurisdiction

¶ 14  Leturno and Lisowski contest this court's jurisdiction to hear the appeal of the trial court's grant of summary judgment in their favor. Specifically, Leturno and Lisowski argue that, because Hilgart's motion to reconsider failed to provide any basis to reconsider the judgment entered in their favor, it did not extend the time Hilgart had to file her notice of appeal as to them. Hilgart failed to file the notice of appeal within 30 days of the order granting summary judgment; rather, she waited until her motion to reconsider was denied. Thus, according to Leturno and Lisowski, Hilgart's notice of appeal was untimely as to the grant of summary judgment in their favor and we have no jurisdiction to review the judgment as to them. We disagree.

¶ 15  In its first order entered on June 7, 2011, the trial court granted summary judgment as to fewer than all the parties and, therefore, the order was not appealable without a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). The trial court included language pursuant to Rule 304(a), which provides that the time for filing a notice of appeal shall be as provided in Illinois Supreme Court Rule 303 (eff. May 30, 2008). Rule 303(a)(1) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment. However, the rule states that a timely filed motion directed against the judgment tolls the time for appeal until the order disposing of the motion is entered.

¶ 16  Here, Mittel, Leturno, and Lisowski moved for summary judgment by filing a single motion. The trial court granted the motion in a single order and in a single paragraph. The order included Rule 304(a) language and is unambiguous. The order did not sever the parties. Counsel for Mittel, Leturno, and Lisowski drafted the order that he now argues is actually two separate orders. "Defense counsel cannot argue that it means something other than what it says." *Hemminger v. Nehring*, 399 Ill. App. 3d 1118, 1122 (2010). Hilgart timely filed a single motion to reconsider a single order granting summary judgment. See *id.* Thus, Hilgart's motion to reconsider tolled the time for filing a notice of appeal with respect to the order as to Leturno and Lisowski, as well as Mittel.

¶ 17  In addition, although Hilgart's motion to reconsider did not include a basis to attack the judgment in favor of Leturno and Lisowski, it was sufficient. According to the Illinois Supreme Court in *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24 (2002), a postjudgment motion in a nonjury case is sufficient even if it consists merely of a single sentence. *Id.* at 26-27, 33.

In *Kingbrook*, the court held that a single sentence moving the court to reconsider its decision was proper. *Id.* In this case, Hilgart's motion to reconsider was more specific than the motion in *Kingbrook*. Hilgart's motion included both Leturno and Lisowski. Her motion provided:

> "Plaintiff seeks reconsideration of the Court Order entered in this case on June 7, 2011, in which this Honorable Court granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's Complaint against Defendants, 210 MITTEL DRIVE PARTNERSHIP (Hereinafter 'Mittel'), STEVEN LETURNO (Hereinafter 'Leturno') and DANIEL LISOWSKI (Hereinafter 'Lisowski') in its entirety, pursuant to 735 ILCS 5/2-1005."

If the Illinois Supreme Court held in *Kingbrook* that a single sentence was sufficient, then Hilgart's motion to reconsider is certainly sufficient. Accordingly, this court has jurisdiction to hear Hilgart's appeal of the order granting summary judgment in favor of Leturno and Lisowski, as well as Mittel.

¶ 18                                    B. Summary Judgment

¶ 19        On appeal, Hilgart argues that the trial court erred by granting summary judgment, because there were genuine issues of material fact. Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010); *Adames v. Sheahan*, 233 Ill. 2d 276, 295 (2009). We review *de novo* the trial court's grant of summary judgment. *Id.* at 296. When determining whether a genuine issue of material fact exists, the court must construe all pleadings and attachments strictly against the movant and liberally in favor of the nonmovant. *Barnett v. Ludwig & Co.*, 2011 IL App (2d) 101053, ¶ 33. We must view all the pleadings and attachments in the light most favorable to the nonmovant. *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 470 (2010). "A genuine issue of material fact precluding summary judgment exists where the material facts are disputed, or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." *Adames*, 233 Ill. 2d at 296.

¶ 20                                    1. Leturno and Lisowski

¶ 21        Hilgart argues that there is a genuine issue of material fact as to whether Leturno and Lisowski had constructive notice because, if they were exercising ordinary care, they should have known of the dangerous condition of the stairs. Leturno and Lisowski argue that, as agents of Hilgart's employer, under the Act they are immune from Hilgart's claims.

¶ 22                                    a. Workers' Compensation Immunity

¶ 23        Section 5(a) of the Act (820 ILCS 305/5(a) (West 2006)) prohibits a common-law action by an employee against an employer and his agents where an accidental injury arises out of and in the course of employment. *Lawson v. Schmitt Boulder Hill, Inc.*, 398 Ill. App. 3d 127, 134 (2010). An employee's injuries are deemed to arise in the course of employment when

the employee sustains the injuries on the employer's premises within a reasonable time before or after work. *Id.* Further, an employee's injuries are deemed to arise out of her employment when the employee is injured in an area on the "usual route" to the employer's premises. *Id.* at 134-35.

¶ 24    In this case, Hilgart was employed by AIT. Leturno and Lisowski were individual partners of the partnership that owned AIT, were shareholders of AIT, and served as AIT's president and vice president, respectively. Further, Hilgart's injury occurred while she was leaving work. Thus, pursuant to section 5(a) of the Act Leturno and Lisowski are immune from Hilgart's negligence action. See *Guerino v. Depot Place Partnership*, 273 Ill. App. 3d 27, 31-32 (1995).

¶ 25                              b. Dual Capacity Doctrine

¶ 26    Hilgart argues that there is a genuine issue of material fact as to whether Leturno and Lisowski can be held liable pursuant to the dual capacity doctrine. Hilgart notes that Leturno and Lisowski admitted that they wore separate hats as landlords on the one hand and as employers, tenants, and lessees on the other hand. Therefore, according to Hilgart, the motion for summary judgment should have been denied as to Leturno and Lisowski. We disagree.

¶ 27    Under the dual capacity or dual persona doctrine, one who is protected by the exclusive-remedy provision of the Act may become liable in tort if he operates in a second capacity that creates obligations independent of those imposed upon him as an employer. *Id.* at 32. A plaintiff must establish that: (1) the second capacity generates obligations unrelated to those flowing from the first, that of the employer; and (2) the employer was acting as a distinct legal persona of the employer. *Id.* A plaintiff cannot satisfy the elements of the test when the defendant's duties are so intertwined that his conduct in the second role does not generate any obligations that are unrelated to the duties flowing from his first role as the employer or agent of the employer. *Id.*

¶ 28    In this case, Hilgart cannot establish liability under the dual capacity doctrine. This case is similar to *Guerino*, 273 Ill. App. 3d 27. In *Guerino*, the plaintiff was injured by the entrance gate to his employer's place of business. *Id.* at 29. The property where the plaintiff was injured was owned by a partnership that leased the premises to the plaintiff's employer. *Id.* The president and vice president of the plaintiff's employer were partners in the partnership that owned the premises. *Id.* The plaintiff argued that the individual partners were not immune from liability, because the individual partners had duties as landowners that were unrelated to their roles as employers. *Id.* at 32. This court rejected the plaintiff's argument. *Id.*

¶ 29    In addition, the facts of this case are similar to those in *Reynolds v. Clarkson*, 263 Ill. App. 3d 432 (1994), in which the appellate court held that the dual capacity doctrine did not apply to a defendant who was the plaintiff's boss as well as the owner of the premises where the plaintiff was injured. *Id.* at 435. The defendant in *Reynolds* leased the premises to the plaintiff's employer. *Id.* at 434. The defendant was also the president, the chief operating officer, and a salaried employee of the plaintiff's employer. *Id.* at 433-34. The appellate court held that the defendant's duties as the plaintiff's boss and as landowner were similar: to

furnish the plaintiff with a safe place to work and to ensure that the premises were safe, respectively. *Id.* at 435. Accordingly, the court held that the defendant's duties under both capacities were related; therefore, the defendant was immune from suit. *Id.*

¶ 30    In this case, the same analysis applies. Leturno's and Lisowski's duties as members of the partnership that leased the premises to Hilgart's employer were related to their duties as president and vice president of Hilgart's employer. See *Guerino*, 273 Ill. App. 3d at 32 (the dual persona doctrine did not apply to a plaintiff's employer's president and vice president, who were also members of the partnership that leased the premises to the employer). As president and vice president of Hilgart's employer, Leturno's and Lisowski's duty was to furnish Hilgart with a safe place to work, a duty related to the common-law duty of a landowner to provide safe premises. See *Reynolds*, 263 Ill. App. 3d at 435. Accordingly, the dual capacity or dual persona doctrine does not apply to Leturno and Lisowski and the immunity provision of section 5(a) of the Act does. Thus, the trial court properly granted summary judgment in favor of Leturno and Lisowski.

¶ 31    Hilgart argues that Leturno's and Lisowski's duties as landlords were separate and distinct from their duties as tenants or as agents of Hilgart's employer. Hilgart notes the following in support of her argument. Mittel paid property taxes for the land on which the building was located, AIT paid rent to Mittel, Leturno and Lisowski signed a lease agreement on behalf of Mittel and AIT, AIT's rent was only for the physical space within the building, and Mittel was responsible for the exterior of the building and paid for installation of the stairs at issue. These facts are legally immaterial.

¶ 32    Hilgart has failed to establish that Leturno's and Lisowski's duties as agents of Hilgart's employer were different from their common-law duties as landowners to keep the premises safe. Accordingly, the dual capacity doctrine does not apply. See *Stewart v. Jones*, 318 Ill. App. 3d 552, 565-66 (2001) (this court rejected similar arguments made by a plaintiff attempting to assert the dual capacity doctrine).

¶ 33    Hilgart also argues that, due to the terms of the lease agreement, AIT had no legal duty to Hilgart regarding the stairs at issue. Hilgart fails to recognize that the lease agreement is a contract between AIT and Mittel. Hilgart has failed to establish how the lease agreement relieves AIT from its legal duties as an employer. Because Hilgart's injuries occurred on her "usual route" to AIT's premises, her injuries arose in the course of her employment. See *Lawson*, 398 Ill. App. 3d at 134-35. Therefore, pursuant to section 5(a) of the Act, AIT, as Hilgart's employer, and Lisowski and Leturno, as AIT's agents, are immune from common-law liability. *Lawson*, 398 Ill. App. 3d at 135.

¶ 34    In addition, Hilgart cites *Marcus v. Green*, 13 Ill. App. 3d 699 (1973),[2] to support her

---

[2]In *Marcus*, an employee was injured while working on a scaffold on premises owned by a partnership of which the employer was a member. *Marcus*, 13 Ill. App. 3d at 701-02. The employee recovered under "the Workmen's Compensation Act (Ill. Rev. Stat. 1965, ch. 48, sec. 138 *et seq.*)," and then filed against the employer as partner an action under "the Structural Work Act (Ill. Rev. Stat., ch. 48, sec. 60), commonly referred to as the Scaffold Act." *Id.* The court held that the action was not barred by the Workers' Compensation Act, reasoning that the action was based on the

argument. The precedential value of *Marcus* is doubtful. In *Incandela v. Giannini*, 250 Ill. App. 3d 23 (1993), this court declined to follow *Marcus*. In addition, other courts have called *Marcus* into doubt. See *Hyman v. Sipi Metals Corp.*, 156 Ill. App. 3d 207, 209 (1987) ("Cases following in the wake of *Marcus v. Green* declined to follow its reasoning ***."); *Sago v. Amax Aluminum Mill Products, Inc.*, 67 Ill. App. 3d 271, 275 (1978) ("Although the court in *Marcus* applied the 'dual capacity' doctrine, subsequent cases have expressly limited *Marcus* to its facts and have interpreted *Marcus* as not involving the 'dual capacity' doctrine ***."); *Profilet v. Falconite*, 56 Ill. App. 3d 168, 171 (1977) ("the *Marcus* case has since been severely limited"); *Kim v. Raymond*, 44 Ill. App. 3d 37, 38 (1976) ("The precedential value of this decision is doubtful."). Accordingly, to the extent that the analysis in *Marcus* conflicts with that applied in *Reynolds*, *Guerino*, and the instant case, we decline to follow *Marcus*. We also note that *Marcus* is distinguishable from the case at bar because, in *Marcus*, the duties of the defendant were not similar or related. The defendant was the plaintiff's employer and had separate and distinct duties as an owner of the premises under the Structural Work Act. *Marcus*, 13 Ill. App. 3d at 704-05. In contrast, in this case, Leturno's and Lisowski's duties as agents of Hilgart's employer were similar or related to their duties as landowners. See *Reynolds*, 263 Ill. App. 3d at 435. Thus, *Marcus* is not controlling in this case.

¶ 35                                                   2. Mittel

¶ 36     Hilgart argues that there is a genuine issue of material fact as to whether Mittel had constructive notice, because, if it had been exercising ordinary care, it would have known of the dangerous condition of the stairs. Mittel argues that the trial court properly granted summary judgment in its favor, because due to lessor immunity it cannot be held liable.

¶ 37     Hilgart argues that Mittel has forfeited this argument on appeal, because the trial court did not base its decision to grant summary judgment on this theory and Mittel did not file a cross-appeal. We may affirm the trial court on any basis warranted by the record. See *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418 (2007). Thus, Mittel did not need to file a cross-appeal to argue an alternative reason for affirming the trial court's judgment. See *id.*

¶ 38     The basic rationale for the doctrine of lessor immunity is that a lease is a conveyance of property that ends the lessor's control over the premises, a prerequisite of tort liability. *Fan v. Auster Co.*, 389 Ill. App. 3d 633, 648 (2009). Only the party in control of the premises can be held liable for a defective or dangerous condition on the premises. *Gilley v. Kiddel*, 372 Ill. App. 3d 271, 275 (2007). Generally, the lessee, who is in possession, and not the lessor, is liable for injuries sustained by a third party caused by the failure to keep the property in repair. *Fan*, 389 Ill. App. 3d at 648.

¶ 39     In *Gilley*, a tenant's guest slipped on loose carpeting on the stairs inside an apartment. *Gilley*, 372 Ill. App. 3d at 272. Under the lease agreement the lessee was responsible to

employer's capacity as an owner and that the duty of an owner is entirely separate from the duty of an employer. *Id.* at 707-08.

" 'maintain and keep the [premises] in as good condition and repair as the same shall be upon taking possession.' " *Id.* at 275. Even though the lease also authorized the landlord to inspect the premises and perform any necessary repairs, this court held that the landlord had no duty to maintain the premises. *Id.* at 276-77. We stated that the reservations in the lease did not "change the rule that it is the lessee, as the party in possession and control of the premises, who owes a duty to third parties and can be liable for injuries from defective conditions on the premises." (Internal quotation marks omitted.) *Id.* at 277.

¶ 40    In this case, the lease agreement provided that AIT, as lessee, "will keep the Premises including all appurtenances, in good repair." An appurtenance is defined as "an incidental property right or privilege *** belonging to a principal right and passing in possession with it." Webster's Third New International Dictionary 107 (1993). The lease also provided:

> "Lessor shall not be obligated to incur any expense for repairing any improvement upon said demised premises or *connected therewith*, and the lessee at his own expense will keep all improvements in good repair." (Emphasis added.)

Further, the lease provided that Mittel "shall not be liable for any damage occasioned by failure to keep the Premises in repair." In addition, AIT's facilities manager testified that it was his responsibility to maintain and repair the stairs and AIT's safety committee included a monthly review of the stairs. Thus, it is clear that the parties intended the duty of repair of the stairs to rest on AIT and not on Mittel. See *Gilley*, 372 Ill. App. 3d at 275. Therefore, Mittel was entitled to lessor immunity from Hilgart's claims. Accordingly, the trial court properly granted summary judgment in favor of Mittel.

¶ 41    Because we have determined that, on the basis of immunity, Mittel, Leturno, and Lisowski were entitled to summary judgment, we need not address Hilgart's argument regarding notice.

¶ 42                                    III. CONCLUSION

¶ 43    For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 44    Affirmed.